**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JACQUELYN CAMPBELL CHESSON, *et al.*, | § § § | |
| v. | § § | CIVIL ACTION NO. H-01-315 |
| TJR PARTNERSHIP LTD, *et al.* | § § | |

**MEMORANDUM AND ORDER**

On April 6, 2006, this court issued an order identifying the plaintiffs in this case. In that order, the court allowed a group of individuals who asserted that they should be party plaintiffs but who were not named in any complaint an opportunity to provide information showing when notice was given to defendants asserting these individuals' claims as to the condition of their houses or the subdivision, what was in those notices, how notice was given to defendants, and to whom the notice was given. (Docket Entry No. 147). Some – but not all – of those indicating a desire to be party plaintiffs responded. (Docket Entry Nos. 151, 152, 154, 165, 167). Defendants have filed a response arguing that the information submitted is inadequate to allow these individuals to be added as party plaintiffs at this stage of this case. (Docket Entry No. 162). In this memorandum and order, this court clarifies who is a plaintiff in this suit.

In the April 6, 2006 order, this court ordered those individuals who were not named in the March 2003 Second Amended Complaint or the December 2004 active plaintiffs list, but who later attended the November 2005 hearing, the February 2006 hearing, or sent a letter explaining their absence and intent to proceed, to show that they gave sufficient notice

to defendants of their claims to allow them to be added as parties to this suit.  The following individuals were notified that they needed to provide this information no later than April 21, 2006:

1. Thomas Akiens
2. Kim Bell
3. Jason and Tiffany Bender
4. Tricia Berry
5. Leah Blankinship
6. Iva Brown
7. Shawn Burnes
8. Rosalynn Carney and Marland Carney
9. Dorothy Crowd
10. Daniel Davis
11. Nancy Galynn
12. Bradford Hanson
13. Richard and Lillie Hill
14. Ed Hoffman
15. Ronda Huffman
16. Roderick and Wanda Jefferson
17. Melinda Johnson
18. Charles Loveday
19. Claude and Nicole McGuire
20. Michael McLain
21. Karen McNeill
22. Rudolpho and Mildred Mena
23. Catherine Morris
24. Jessie Owens
25. Robert Remeika
26. Wendy Ritchie
27. Debbie Starrett
28. Michelle Reyes and Dean Stuhr
29. Melissa and Alex Szuch
30. Misty Trapp and Tom Herrera

The following individuals responded to the court's order:  Richard and Lillie Hill, (Docket Entry No. 151); Wendy L. Ritchie, (Docket Entry No. 152); Ed and Ronda Huffman,

(Docket Entry No. 154); Charles Loveday, (Docket Entry No. 165); Robert M. Remeika, (Docket Entry No. 167). Charles Loveday responded on May 10, 2006, and Robert M. Remeika responded on May 12, 2006, both after the court's April 21, 2006 deadline. In the April 6, 2006 order, this court dismissed the claims of Maurice and Margie Lavoie for failure to prosecute. (*Id.* at 23). They have moved for reconsideration of this decision, (Docket Entry No. 159), and defendants have responded (Docket Entry No. 161).

### 1. The Individuals Who Did Not Respond to the April 6, 2006 Order

The following individuals did not respond to this court's April 6, 2006 order:

1. Thomas Akiens
2. Kim Bell
3. Jason and Tiffany Bender
4. Tricia Berry
5. Leah Blankinship
6. Iva Brown
7. Shawn Burnes
8. Rosalynn Carney and Marland Carney
9. Dorothy Crowd
10. Daniel Davis
11. Nancy Galynn
12. Bradford Hanson
13. Ed Hoffman
14. Roderick and Wanda Jefferson
15. Melinda Johnson
16. Claude and Nicole McGuire
17. Michael McLain
18. Karen McNeill
19. Rudolpho and Mildred Mena
20. Catherine Morris
21. Jessie Owens
22. Debbie Starrett
23. Michelle Reyes and Dean Stuhr
24. Melissa and Alex Szuch

  25. Misty Trapp and Tom Herrera

These individuals are not named in the Second Amended Complaint and are not parties to this lawsuit. This court construed their attendance at hearings as motions to amend the complaint to include them in the suit and allowed them to show that they had given the defendants sufficient timely notice of their claims to allow them to be added as plaintiffs. They have failed to do so. These individuals were not, and are not now, plaintiffs in this case.

  **2.** **The Individuals Who Responded to the April 6, 2006 Order**

   *1.* *Richard and Lillie Hill*

Richard and Lillie Hill filed a letter stating that they gave notice to Hall and his businesses "for over two years starting in December 2001 and culminating in January 2003 with a final notice. . . ." (Docket Entry No. 151 at 1). They do not, however, provide information about when notice was given, what it said, or to whom it was given.

The Hills contend that they retained Damon Capps, the now-disbarred lawyer who previously represented the plaintiffs in this case, to handle eviction proceedings initiated by Darrell Hall in Grimes County, Texas, and that Capps told the judge in that case that the Hills were involved in the present lawsuit. (*Id.* at 1–2). The Hills also submitted a copy of the answer filed in the Grimes County eviction proceeding. In the answer, the Hills state that they are participants in the present case. The answer does not have a date, is not signed, is not file stamped, and does not contain a certificate of service. It does not show that the

defendants received timely notice of the substance of the Hills's claims.

The Hills also include a copy of a Foreclosure Sale Deed dated June 7, 2005 and a copy of the eviction complaint and notice to appear in that proceeding dated September 26, 2005. These documents also do not show that the Hills gave defendants timely or sufficient notice of the claims about their house or the subdivision.

Richard and Lillie Hill were not named in the March 2003 Second Amended Complaint and were not included on the December 2004 active plaintiffs list. They have not shown that they gave defendants notice of their claims or of their participation in this suit in a timely manner. They have not been, and are not now, parties in this case.

### 2. *Wendy L. Ritchie*

Wendy Ritchie submitted a letter in which she claims that she "established a payment history" and created "a paper trail" that show the truth of her assertions. (Docket Entry No. 152 at 1). This letter does not, however, comply with this court's order to provide information about when notice was given, what it said, and to whom it was given.

Ritchie states that Damon Capps "personally contacted Mr. Darrell Hall and his businesses explaining that the Ritchie family had joined the federal case in Houston Texas. . . ." (*Id.* at 2). Ritchie does not state when Capps allegedly notified defendants of her participation in the present suit. Nor does Ritchie identify any specific information provided to defendants about problems with her house and her complaints about the subdivision.

Ritchie attaches a letter from Damon Capps dated May 28, 2003 that discusses


participation in the present suit. The letter appears to be a form letter addressed to "Client," rather than to Ritchie individually. It does not show that Capps or Ritchie gave defendants notice of Ritchie's claims against them. Ritchie also submits letters from Darrell Hall that are addressed to her dated March 7, 2005, September 13, 2005, and August 16, 2005. The letters inform Ritchie that she is delinquent in her house payments, warn of impending consequences of her delinquency, and offer her an opportunity to cure. These letters do not show that Capps or Ritchie gave defendants timely notice of her complaints about her house and the subdivision.

Ritchie also attaches two answers in eviction lawsuits. The first, delivered to defendants on October 26, 2004, asserts that defendants failed to make her property habitable and failed to perform promised work on the house. This date is, however, long after this suit was filed and long after limitations ran on Ritchie's claim. Indeed, it is after the first trial date in the present case. The first answer also does not state that Ritchie intended to participate in the present case. The second answer does state that Ritchie is involved in the present case, but it does not have a date, is not signed, is not file stamped, and does not contain a certificate of service. Finally, Ritchie includes a notice of an October 19, 2005 hearing in an eviction proceeding in Grimes County; Hall's petition in the Grimes County court for Ritchie's eviction; an August 5, 2004 Foreclosure Sale Deed; and a November 25, 2001 warranty deed. These submissions show that Ritchie owned property in the subdivision at issue in this case but do not show that the defendants received timely or

sufficient notice of Ritchie's claims to allow her to become a party plaintiff at this late date without prejudice to defendants. Ritchie was not named in the Second Amended Complaint or the active plaintiffs list and has not shown that her claims in this suit may relate back so as to permit her to proceed. Wendy Ritchie has not been, and is not now, a party in this case.

### 3. *Ed and Ronda Huffman*

The Huffmans have submitted a document stating that they did not even purchase the house until late 2005; they move to be joined in this case. (Docket Entry No. 154). They contend that the prior owners were involved in the present case and ask to be substituted for them. They do not identify the prior owners, and there is no basis to conclude that the prior owners were plaintiffs in this case. The Huffmans have not provided information about when notice was given, what it said, or to whom it was given. Ed and Ronda Huffman have not been, and are not now, parties to this case. Their motion for joinder is denied.

### 4. *Charles Loveday*

Charles Loveday wrote a letter to the court dated April 10, 2006 that says: "I Charles Loveday [am] still seeking legal help on this action – Responding as Requested by 5-12-06." The letter was not filed with the court until May 10, 2006, after the deadline set by this court had passed. Even overlooking the late filing, the letter does not provide any information about when notice was given, what it said, or to whom it was given. Loveday was not named in the Second Amended Complaint or the active plaintiffs list. Charles Loveday has not been, and is not now, a party to this case.

*5.     Robert M. Remeika*

Robert M. Remeika wrote a letter to the court that references the April 6, 2006 order and says: "This is my letter of intent to continue the process and I look forward to resolving this case through mediation. " The letter was not filed with the court until May 12, 2006, after the deadline set by this court had passed. Even overlooking the late filing, the letter does not provide any information about when notice was given, what it said, or to whom it was given. Remeika was not named in the Second Amended Complaint or the active plaintiffs list. Robert M. Remeika has not been, and is not now, a party to this case.

### 3.     The Lavoie Motion to Reconsider

Maurice and Margie Lavoie were dismissed from this case for failure to prosecute their claims in this court's April 6, 2006 memorandum and order. (Docket Entry No. 147 at 23). They were not named in the March 2003 Second Amended Complaint but were included on the December 2004 active plaintiffs list that Capps provided to defendants. However, they have not attended any of the subsequent hearings or filed a letter of intent to proceed as this court ordered. The Lavoies filed a "motion for new trial or rehearing" contending that they did not receive notice of these hearings. (Docket Entry No. 159). Because the Lavoies promptly moved to have their claims reinstated, this court will vacate the dismissal order as to them and allow them to proceed as plaintiffs. They are reminded, however, that they have an obligation to keep the court informed as to their address. Maurice and Margie Lavoie's motion for reconsideration is granted.

A separate order will identify those individuals who are plaintiffs to this case and refer their claims to mediation.

SIGNED on June 8, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge